```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PRINCIPAL LIFE INSURANCE COMPANY             CIVIL ACTION


VERSUS                                       NO. 07-6549


CHANDLER ET AL                               SECTION "F"
```

ORDER AND REASONS

Before the Court is Principal Life Insurance Company's motion to dismiss and for attorneys' fees. For the reasons that follow, the motion is GRANTED.

Background

On May 5, 2007, John Milliet, III, the husband of Darlene Milliet, died from injuries he sustained in a motorcycle accident that occurred on April 29, 2007. At the time of his death, Mr. Milliet was insured under a group life insurance and accidental death policy issued by Principal Life Insurance Company that had a payable benefit of $60,000.[1] On August 21, 2006, Mr. Milliet executed a beneficiary form naming Joanie Chandler, apparently his girlfriend, as the policy beneficiary. Shortly after Mr. Milliet's death, Ms. Chandler filed a claim for the insurance benefits.

---

[1] The policy was maintained by Mr. Milliet's employer and qualified as an "employee welfare benefit plan" under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

1

Approximately three weeks later, however, Principal Life received a claim for the insurance benefits from Loretta Milliet, Mr. Milliet's mother. Attached to Ms. Milliet's claim form was a letter dated March 14, 2007, signed by Mr. Milliet and two witnesses, stating: "Upon my death, I would like my mother Lorettal [sic] Milliet, to have all my belongings and possessions that I have." Two months later, Principal Life received a third claim for Mr. Milliet's benefits from the insured's widow, Darlene Milliet. At approximately the same time, a woman claiming to be Mr. Milliet's sister telephoned a Principal Life representative and claimed that Joanie Chandler had procured the August 21, 2006 beneficiary designation through trickery and undue influence. According to Principal Life's records, the caller indicated that Mr. Milliet became involved with Ms. Chandler during a temporary separation from his wife, that he was incapable of filling out legal forms without assistance due to a learning disability, and that she obtained his signature fraudulently.

Because of the competing claims to the $60,000, Principal Life instituted this interpleader action and named the three separate claimants as defendants.[2] Principal Life then deposited into the

---

[2] Ms. Chandler alleges that Darlene and Loretta Milliet were never properly served with process. However, Stephen Babin identified himself to Principal Life as the attorney for both of the Milliet defendants and agreed to accept service on their behalf. The record shows that Darlene and Loretta Milliet were served process, through their attorney, on January 30, 2008.

2

registry of the Court $61,827.95, the amount of the policy proceeds plus interest, and requested to be voluntarily dismissed from the lawsuit. Ms. Chandler refused to consent to Principal Life's dismissal, and the other defendants did not respond. Principal Life then filed this motion to dismiss and for costs and attorneys' fees. Only Ms. Chandler has filed an opposition.

I.

Since instituting this interpleader action, Principal Life has acknowledged that Mr. Milliet's life insurance and accidental death benefits should be paid to one of the three competing claimants. Principal Life has neither asserted an interest in the proceeds nor taken a position supporting any of the claims. In these circumstances, dismissal of the stakeholder is generally appropriate.  However, Ms. Chandler argues that Principal Life interpleaded the claimants without any basis for fearing multiple liability.

The mere fact that Ms. Chandler was designated as the beneficiary does not establish that Principal Life's initiation of this lawsuit was improper. See Connecticut General Life Ins. Co. v. Thomas, 910 F.Supp. 297 (S.D. Tex. 1995). The Fifth Circuit has held that "even the mere threat of multiple vexation by future litigation provides sufficient basis for interpleader." Tittle v. Enron Corp., 463 F.3d 410, 424 n. 10 (5th Cir. 2006) (internal quotations omitted). Principal Life was presented with information

that Ms. Chandler obtained the beneficiary designation through fraud. If true, this would potentially entitle the wife to the benefits. When the allegations of fraud are combined with Mr. Milliet's execution of the March 14, 2007 donation document, it appears his mother also arguably has a claim to the benefits. Principal Life is not required to run the risk of guessing which of the claimants is entitled to the fund, particularly when that determination may depend on serious fact issues that impact the validity of the beneficiary form. Interpleader is proper in these circumstances. See Massachusetts Indem. and Life Ins. Co. v. King, 700 F.Supp. 307 (M.D. La. 1988); Underwriters Group, Inc. V. Clear Creek Independent School District, et al., 2006 WL 1852254 *5-6 (S.D. Tex. 2006). Further, there is no evidence of bad faith on the part of Principal Life, and Ms. Chandler's unsupported assertion that the plaintiff may be liable for its alleged unreasonable delay in paying the insurance proceeds is not sufficient to keep Principal Life in this lawsuit. See New York Life Ins. Co. v. Deshotel, 1995 WL 529838 *1-2 (E.D. La. 1995); Metropolitan Life Ins. Co. v. Barretto, 178 F.Supp 2d 745, 748-749 (S.D. Tex. 2001).

II.

It is well settled that a district court has the authority to award costs and reasonable attorneys' fees in interpleader actions. See Perkins State Bank v. Connolly, 632 F.2d 1306, 1311 (5th Cir. 1980) ("costs and attorney's fees generally awarded by federal

courts to the plaintiff who initiates the interpleader as a mere stakeholder"); Corrigan Dispatch Co. v. Casa Guzman, S.A., 696 F.2d 359, 365 (5th. Cir. 1983). Principal Life has consistently disavowed any claim to the insurance proceeds and it has paid the full amount of the policy benefits to the Court. The Court finds that Principal Life meets the requirements that entitle it to reasonable attorneys' fees and costs, with the amount to be determined by the United States Magistrate Judge. See 28 U.S.C. § 636(b)(1)(A). Accordingly,

IT IS ORDERED: The plaintiff's motion to dismiss is hereby GRANTED, and Principal Life is dismissed as a party to this action.

IT IS FURTHER ORDERED: The plaintiff's motion for reasonable attorneys' fees and costs is GRANTED, with the amount to be determined by the Magistrate Judge. That issue is hereby referred to the Magistrate Judge.

New Orleans, Louisiana, March 13, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE